# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EMILY A. WATIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-20-FHS-SPS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The claimant Emily A. Watie requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born August 25, 1953, and was fifty-eight years old at the time of the administrative hearing. (Tr. 23). She completed the tenth grade, and has worked as a chicken farmer, factory worker, and housekeeper. (Tr. 6, 27). The claimant alleges inability to work since June 7, 2009, due to emphysema, burning feet accompanied by pain, and a heart condition. (Tr. 134).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Trace Baldwin conducted an administrative hearing and in a fully favorable decision, determined that the claimant was disabled in a written opinion dated December 15, 2011. (Tr. 14-18). On review, the Appeals Council reversed the ALJ's decision, finding that the claimant was not disabled, so the Appeals Council's decision is the final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge and Appeals Council

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (Tr. 16). The

ALJ determined that the claimant could not return to her past relevant work because those jobs exceeded the RFC, and that she was therefore disabled under Rule 201.02 of the Medical-Vocational Guidelines, *i. e.*, "the Grids." (Tr. 17-18). On review, the Appeals Council reversed this decision at step four. The Appeals Council found that the claimant retained the RFC to perform a full range of medium work and could therefore return to her past relevant work of chicken farmer, factory worker, and housekeeper. (Tr. 6).

**Review**

The claimant contends that the Appeals Council erred by (i) making improper and incomplete RFC findings, and (ii) by finding that she can return to her past relevant work. The undersigned Magistrate Judge finds the claimant's first contention persuasive and the decision of the Appeals Council should therefore be reversed.

The ALJ found that the claimant had the severe impairments of mild aortic stenosis and hypertension. (Tr. 16). The relevant medical evidence consists of consultative and reviewing physician assessments. The claimant underwent a consultative examination on July 16, 2009 with Dr. Ronald Schatzman. (Tr. 189-206). He recounted the claimant's history of foot and back pain, as well as cardiac disease, and noted that she was positive for shortness of breath. (Tr. 189-190). Additionally, pulmonary function studies revealed the probability of mild restrictive disease. (Tr. 197-206). A September 2009 cardiac evaluation was largely normal but revealed the possibility of a bicuspid aortic valve, as well as mild mitral regurgitation and mild aortic insufficiency, consistent with mild aortic stenosis. (Tr. 207). He assessed the claimant with a history of bilateral bunions, plantar warts, hypertension, tobacco abuse,

emphysema by history, and chest pain by history. (Tr. 191). At a further evaluation at the Arkansas Heart Center on November 10, 2009, Dr. Jose Alemparte assessed the claimant with exertional dyspnea, chronic obstructive pulmonary disease, and mild aortic stenosis with normal ejection fraction. Dr. Alemparte stated that the claimant should "probably undergo pulmonary function testing for a more objective assessment of her pulmonary capacity." (Tr. 213). A cardiac stress test was negative for myocardial ischemia, but revealed a mildly reduced exercise tolerance. (Tr. 214-233). The claimant underwent further consultative examination, including pulmonary function studies, on October 29, 2010. (Tr. 236-249). The pulmonary function study revealed no obstructive lung defect, but indicated a possibility of restrictive lung disease, given a VC (vital capacity) of 70%. (Tr. 236-241). It further stated, "more detailed pulmonary function testing may be useful if clinically indicated." (Tr. 236). The consultative examiner, Dr. Patrice Wagner, assessed the claimant with HTN, cardiac murmur, COPD, chronic pain feet, and tobacco abuse. (Tr. 244). A state reviewing physician found that the claimant could perform a full range of medium work.

At the administrative hearing, the claimant testified as to her impairments, confirming that she has high blood pressure, cardiac murmur, COPD/emphysema, and chronic pain in her feet accompanied by the inability to stand or walk. (Tr. 23). She also testified that she had stopped smoking the previous week. (Tr. 25). In speaking with the Vocational Counselor, the ALJ stated that the claimant "grids at light or sedentary, as far as I'm concerned." (Tr. 29). Upon discussing the claimant's performance of her past

relevant work, the vocational counselor stated that it was listed by the DOT as light work, but the claimant actually performed it at the medium level. (Tr. 27-30).

In his written opinion, the ALJ found that the claimant had the RFC to perform sedentary work. He noted the claimant's hearing testimony, as well as the medical evidence supporting the diagnosis of mild aortic stenosis and hypertension, and also found the claimant to be generally credible. (Tr. 17). The ALJ then found that the claimant could not return to her past relevant work, and was disabled according to Rule 201.02. (Tr. 18). On review, the Appeals Council disagreed with the ALJ's RFC finding. The Appeals Council cited the consultative examinations in the record, identified two additional severe impairments (COPD and cardiac murmur), but criticized the ALJ for giving the reviewing physician opinions little weight and for finding the claimant credible. In support, the Appeals Council incorrectly noted that the claimant's past relevant work included work performed as light by the claimant but performed as medium in the national economy. (Tr. 5). The Appeals council then stated that there was no evidence to contradict that the claimant was capable of performing work at the medium exertional level. (Tr. 5). The Appeals Council further found the claimant not credible due to her reported activities of daily living and because she completed stage 2 of the cardiac stress test. The Appeals Council acknowledged a letter prepared by the claimant's counsel but discounted it because "the claimant's past relevant work was performed at a light level" and she could still be classified as "not disabled." (Tr. 6). The Appeals Council then determined that the claimant was not disabled because she could perform her past relevant work. (Tr. 6).

The ALJ found that the claimant had the severe impairments of mild aortic stenosis and hypertension, and the Appeals Council added COPD and cardiac murmur to her list of severe impairments. (Tr. 6, 16). Although the Appeals Council found the claimant had two additional severe impairments, it failed to include any limitations related to any of these impairments, stating simply that that there was no evidence to contradict that she could perform the full range of medium work (Tr. 5-7). *See Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]; *see also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.") [unpublished opinion]. The ALJ should have explained why the claimant's severe impairments did not call for corresponding physical limitations. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence that he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir 1984). Additionally, the ALJ failed to properly assess the combined effect of all the claimant's impairments in assessing her RFC. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both

those he deems 'severe' and those 'not severe.'") [emphasis in original]; *McFerran v. Astrue*, 437 Fed. Appx. 634, 638 (10th Cir. 2011) (unpublished opinion) ("[T]he ALJ made no findings on what, if any, work-related limitations resulted from Mr. McFerran's nonsevere mood disorder and chronic pain. He did not include any such limitations in either his RFC determination or his hypothetical question. Nor did he explain why he excluded them. In sum, we cannot conclude that the Commissioner applied the correct legal standards[.]").

Because the Appeals Council failed to explain how the claimant's severe impairments became so insignificant as to require no limitations in his RFC at step four, the Commissioner's decision should be reversed and the case remanded for further analysis. If such analysis on remand results in any adjustment to the claimant's RFC, a re-determination of the work she can perform, if any, should be made and the question of disability reconsidered.

**Conclusion**

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma